KC FILED

SEP 24 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DISTRICT

MARSHA L. SHAMES-YEAKEL )
AND MICHAEL W. SHAMES-YEAKEL )
      **Plaintiffs,** )
       )
       )
      v. )
       )
**CITIZENS FINANCIAL BANK** )
       )
      **Defendant.** )

**07CV5387**
**JUDGE PALLMEYER**
**MAGISTRATE JUDGE COX**

## COMPLAINT

### I.   Preliminary Statement

1.    This is an action for damages brought by consumers against the Defendant for violations of the Truth in Lending Act ("TILA"), the Electronic Funds Transfer Act ("EFTA"), and other laws.

### II.   Jurisdiction and Venue

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1640(a), 15 U.S.C. § 1693m, 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III.   Parties

4.    Plaintiff Marsha L. Shames-Yeakel is a natural person and citizen of the State of Indiana, residing at 11693 Edison Street, Crown Point, IN 46307.

5.    Plaintiff Michael W. Shames-Yeakel is a natural person and citizen of the State of Indiana, residing at 11693 Edison Street, Crown Point, IN 46307.

6.     Defendant Citizens Financial Bank ("Citizens") is a business entity organized and existing under the laws of the United States of America that regularly conducts business in Cook County, Illinois, with a place of business located at 13323 South Baltimore, Chicago, Illinois 60633 as well as in several other branches throughout the City of Chicago.

## IV.     Factual Allegations

7.     Plaintiffs have been loyal customers of Defendant Citizens for over 30 years. Plaintiffs have both personal and business accounts with Citizens, including a home equity line of credit account, on which they could write checks and which is backed by the equity in their personal residence. According to the home equity line of credit agreement, Plaintiffs have a maximum line of credit of $30,000, and must make payments according to the terms of the agreement on the credit that they draw.

8.     On or about February 23, 2007, Plaintiffs received a statement from Citizens for their bank accounts.

9.     Plaintiffs' statement showed that on February 13, 2007, the amount of $26,500 had been electronically transferred from their home equity line of credit account into Ms. Yeakel's business account, and then transferred to a bank in Hawaii.

10.     Plaintiffs did not make or authorize either of these transfers. It is believed that the funds were then transferred outside of the United States, also a transaction that the Plaintiffs' did not make or authorize.

11.     On February 23, 2007, Plaintiffs notified Citizens of the unauthorized and fraudulent electronic transfers.

2

12.    Plaintiffs spoke with Deborah Milne, V.P. Business Resource Center, who said that she would investigate the issue.

13.    On or about February 27, 2007, Plaintiffs filed a police report with the Lake County Police reporting the unauthorized and fraudulent electronic transfers.

14.    On or about February 27, 2007, Citizens sent Plaintiffs a "Disputed Transaction Form" and instructed them to complete it and return the form.

15.    Plaintiffs returned the "Disputed Transactions Form" to Citizens on or about March 2, 2007.

16.    At all times pertinent to this matter, Plaintiffs followed Citizens' instructions and procedures for reporting the unauthorized and fraudulent transfer of funds from their accounts, disputing the same, and requesting that Citizens investigate and the unauthorized and fraudulent transaction.

17.    Citizens never properly investigated any of Plaintiffs' disputes. Rather, Deborah Milne of Citizens advised Plaintiffs that they were liable for the full amount of the unauthorized and fraudulent transfer of $26,500, and that the money was gone and could not be recovered.

18.    Unable to believe that Citizens would take such an unconscionable position, Plaintiffs attempted further disputes with Citizens' CEO and Vice President of Retail Operations. Neither would address Plaintiffs disputes and concerns.

19.    Again following the instructions that they received from Citizens, Plaintiffs also alerted Citizens' corporate counsel, Brian Goins, Esquire, of the unauthorized and fraudulent transfers and disputed the same.    Mr. Goins advised

Plaintiffs that under the terms of Citizens' on-line banking agreement, Plaintiffs were liable for the entire $26,500 that was fraudulently taken from their account.

20.    Shocked by the fact that Citizens was being so unreasonable, Plaintiffs wrote to Thomas Prisby, Chairman and CEO, and Tom Darovic, Executive V.P., Retail Operations, of Citizens advising them of the unauthorized and fraudulent electronic transfers from their accounts and requesting that the balance of their home equity line of credit account from which the funds were taken be frozen as of February 12, 2007.

21.    On or about March 21, 2007, Plaintiffs received correspondence from Citizens advising them that "We are sympathetic to your plight, and have sought diligently to obtain recovery of your funds ...." Nevertheless, Citizens continued to take the position that Plaintiffs were liable for the unauthorized and fraudulent electronic transactions.

22.    On or about June 6, 2007, Plaintiffs requested a "payoff balance" for their line of credit account.

23.    Citizens advised them that the balance was $38,644.55 which consisted of $11,356.83 (Plaintiffs' actual balance on February 12, 2007) and $27,335.93 (the unauthorized electronic transfer of $26,500 plus interest).

24.    On June 6, 2007, Plaintiffs sent Citizens a check for $11,356.83 as full and final payment for their line of credit account.

25.    After June 6, 2007, Citizens continued to bill Plaintiffs for the now paid home equity line of credit account and demanded that they continue to make payments for the unauthorized and fraudulent electronic transactions and interest thereon.

26.     On August 28, 2007, Citizens unconscionably sent Plaintiffs a Notice of Default and Right to Cure letter advising them that they were in default on their payments for their home equity line of credit.

27.     As part of the Notice of Default and Right to Cure letter, Citizens threatened to foreclose on Plaintiffs' home.

28.     Following June 6, 2007, Citizens has also inaccurately reported Plaintiffs as owing money and being untimely on their payments for the home equity line of credit account to the major credit reporting agencies.

29.     As a result of Defendant's conduct, Plaintiffs have suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating from Citizens' unauthorized electronic transfer from their account, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiffs' great detriment and loss.

30.     As a result of Defendant's conduct, Plaintiffs have suffered great embarrassment, humiliation, and emotional and mental pain and anguish, and Plaintiffs will continue to suffer the same for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

31.     As a result of Defendant's conduct, Plaintiffs have suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiffs will continue to suffer the same for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

32.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

33.    At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiffs herein.

## V.    Claims

### Count One - TILA

34.    Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

35.    Pursuant to 15 U.S.C. § 1640(a) Defendant is liable to the Plaintiffs for engaging in the following conduct:

(a)    advising Plaintiffs that they were responsible to pay the full amount of the unauthorized and fraudulent transfers from their accounts and billing them for the same in violation of 15 U.S.C. § 1643;

(b)    demanding that Plaintiffs make payments for the interest on the full amount of the unauthorized and fraudulent transfers from their accounts in violation of 12 C.F.R. § 226(d)(1);

6

(c)     attempting to collect from Plaintiffs any portion, or interest thereon, of the funds that were fraudulently transferred from Plaintiffs' accounts violation of 12 C.F.R. § 226(d)(1);

(d)     failing to reasonably investigate and correct the unauthorized and fraudulent transfers from Plaintiffs' accounts in violation of 15 U.S.C. § 1666; and

(e)     reporting Plaintiffs as owing money and being delinquent in their payments on their home equity line of credit account when Citizens knew that the transfer was unauthorized and fraudulent and that Plaintiffs had disputed the balance in violation of 15 U.S.C. § 1666a and 12 C.F.R. § 226.13(d)(2).

36.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to the Plaintiffs for the full amount of statutory, and actual damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Count Two - EFTA

37.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

38.     Pursuant to 15 U.S.C. § 1693m, Defendant is liable to the Plaintiffs for engaging in the following conduct:

(a)    failing to perform a good faith investigation into the Plaintiffs' dispute and provide Plaintiffs with the results of the investigation with in ten business days in violation of 15 U.S.C. § 1693f(a);

(b)    failing to correct the error created by the unauthorized electronic transfer from Plaintiff's account in violation of 15 U.S.C. § 1693f(b);

(c)    demanding that Plaintiffs pay the entire amount of the unauthorized electronic fund transfer in violation of 15 U.S.C. § 1693g;

(d)    demanding that Plaintiffs wave their rights under EFTA in violation of 15 U.S.C. § 1693l.

39.    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to the Plaintiffs for the full amount of statutory, actual and treble damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Count Three – Indiana Uniform Consumer Credit Code

40.    Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

41.    Pursuant to Indiana Code § 24-4.5-5 Defendant is liable to the Plaintiffs for engaging in the following conduct:

(a) charging Plaintiffs interest and finance charges on the funds that were transferred from Plaintiffs' accounts by unauthorized and fraudulent means in violation of Indiana Code § 21-4.5-3-201; and

(b) charging Plaintiffs delinquency charges on the funds that were transferred from Plaintiffs' accounts by unauthorized and fraudulent means in violation of Indiana Code § 21-4.5-3-203.5.

42.    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to the Plaintiffs for the full amount of statutory, and actual damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Count Four – Neglence

43.    Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

44.    Defendant's negligence consists of the following:

(a) Violating the TILA as stated above;

(b) Violating the EFTA as stated above;

(c) Violating the Indiana Code as stated above;

(d) Allowing the unauthorized electronic fund transfer from Plaintiff's line of credit account to her business account;

(e) Allowing the unauthorized electronic fund transfer from Plaintiff's business account to an account in Hawaii;

(f) Allowing an unauthorized electronic transfer that was in excess of Plaintiffs' home equity line of credit;

(g) Demanding that Plaintiffs repay the bank for the amount that was fraudulently transferred from their home equity line of credit;

(h) Reporting to the credit reporting agencies that Plaintiffs owed money and were delinquent in their payments on their home equity line of credit when the Defendant knew that the balance was a result of fraud and not authorized by Plaintiffs; and

(i) Threatening to foreclose on Plaintiffs' home due to a debt that Plaintiffs do not owe.

45.    As a result of Defendant's above mentioned conduct, Plaintiffs sustained and continue to sustain the losses and damages as set forth above.

46.    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiffs for the full amount of actual, compensatory damages, and punitive damages, as well as such other relief, permitted under the law.

### Count Five - Breach of Contract

47.    Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

48.    Defendant has breached its home equity line of credit agreement with

Plaintiffs by:

    (a) Allowing an unauthorized and fraudulent transfer from Plaintiffs' account;

    (b) Allowing an unauthorized and fraudulent transfer from Plaintiffs' account that overdrew Plaintiffs' line of credit; and

    (c) Demanding payment from Plaintiffs for unauthorized and fraudulent transfer from Plaintiffs' account.

49.    As a result of Defendant's above mentioned conduct, Plaintiffs sustained and continue to sustain the losses and damages as set forth above.

50.    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiffs for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

## VI.   Jury Trial Demanded

51.    Plaintiffs demand trial by jury on all issues so triable.

## VII.   Prayer For Relief

WHEREFORE, Plaintiff seeks judgment in Plaintiffs' favor and damages against the Defendant, based on the following requested relief:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive damages;

    (d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1640, 15

U.S.C. § 1693m, and IC 24-4.5-5-202;

(e)    An order directing Defendant to immediately cease and desist from any and all attempts to collect the funds that were transferred from their accounts by unauthorized and fraudulent means and interest on those funds;

(f)    An order directing  Defendant to immediately cease and desist any inaccurate credit reporting regarding Plaintiffs' home equity line of credit and to further correct any past inaccurate credit reporting regarding the same; and

(g)    Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
**MARSHA L. SHAMES-YEAKEL**
**and MICHAEL W. SHAMES-YEAKEL**

By: _____
Larry P. Smith

LARRY P. SMITH & ASSOCIATES, LTD.
205 N. Michigan Ave., Suite 4000
Chicago, IL 60601
Phone: (312) 222-9028
Fax:    (312) 602-3911
E-mail: lsmith@lpsmithlaw.com


JOHN SOUMILAS, ESQUIRE
GEOFFREY H. BASKERVILLE, ESQ.
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiffs