**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| SHAMES-YEAKEL, ET AL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-CV-5387 |
| | ) | |
| CITIZENS FINANCIAL BANK, | ) | |
| | ) | |
| Defendants. | ) | |

# ANSWER AND AFFIRMATIVE DEFENSES
# TO PLAINTIFF'S AMENDED COMPLAINT

NOW COMES Defendant, CITIZENS FINANCIAL BANK ("Citizens"), by its attorneys, HINSHAW & CULBERTSON LLP, and for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for damages brought by consumers against the Defendant for violations of the Truth in Lending Act ("TILA"), the Electronic Funds Transfer Act ("EFTA"), the Fair Credit Reporting Act ("FCRA"), and other laws.

**ANSWER:** Citizens admits that this is an action for the money damages based purportedly for violations of the Truth in Lending Act ("TILA"), the Electronic Funds Transfer Act ("EFTA"), the Fair Credit Reporting Act ("FCRA"), and other laws. Citizens denied that the Plaintiffs are "consumers" entitled to protection under said laws. Citizens further denies the balance of the allegations and denies that there is any merit to Plaintiff's action.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1640(a), 15 U.S.C. § 1693m, 20 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** Citizens admits that this Court has subject matter and supplemental jurisdiction in this matter.

3.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:** Citizens admits that that venue in this district is appropriate.

### III. PARTIES

4.  Plaintiff Marsha L. Shames-Yeakel is a natural person and citizen of the State of Indiana, residing at 11693 Edison Street, Crown Point, IN 46307.

**ANSWER:** Citizens admits the averments contained in Paragraph 4 of Plaintiff's Amended Complaint.

5.  Plaintiff Michael W. Shames-Yeakel is a natural person and citizen of the State of Indiana, residing at 11693 Edison Street, Crown Point, Indiana 46307.

**ANSWER:** Citizens admits the averments contained in Paragraphs 5 of Plaintiff's Amended Complaint.

6.  Defendant Citizens Financial Bank ("Citizens") is a business entity organized and existing under the laws of the United States of America that regularly conducts business in cook County, Illinois, with a place of business located at 13323 South Baltimore, Chicago, Illinois 60633 as well as in several other branches throughout the city of Chicago.

**ANSWER:** Citizens denies it has more than one branch in the City of Chicago, but admits the rest and remainder of the averments contained in paragraph 6 of Plaintiff's Amended Complaint.

### IV. FACTUAL ALLEGATIONS

7.  Plaintiffs have been loyal customers of Defendant citizens for over 30 years. Plaintiffs have both personal and business accounts with Citizens, including a home equity line of credit account, on which they could write checks and which is backed by the equity in their

25079069v1 882906

personal residence. According to the home equity line of credit agreement, Plaintiffs have a maximum line of credit of $30,000, and must make payments according to the terms of the agreement on the credit that they draw.

**ANSWER:** Citizens admits the averments contained in paragraph 7 of Plaintiff's Amended Complaint.

8. On or about February 23, 3007, Plaintiffs received a statement from Citizens for their bank accounts.

**ANSWER:** Citizens admits it mailed the Plaintiff a statement shortly before that date, but lacks knowledge as to when such statement was received.

9. Plaintiffs' statement showed that on February 13, 2007, the amount of $26,500 had been ele4ctronically transferred from their home equity line of credit account into Mrs. Shames-Yeakel's business account, and then transferred to a bank in Hawaii.

**ANSWER:** Citizens admits that the bank statement mailed to Plaintiffs in February, 2007 indicated that $26,500.00 had been transferred from the Plaintiffs home equity into Mrs. Shame-Yeakels' business account and wire transferred to a bank in Hawaii.

10. Plaintiffs did not make or authorize either of these transfers. It is believed that the funds were then transferred outside of the United States, also a transaction that the Plaintiffs' did not make or authorize.

**ANSWER:** Citizens denies each and every allegation, either expressed or implied, contained in paragraph 10 of Plaintiff's Amended Complaint.

11. On February 23, 2007, Plaintiffs notified Citizens of the unauthorized and fraudulent electronic transfers.

25079069v1 882906

**ANSWER:** Citizens admits Plaintiffs notified citizens of a disputed transaction; however, Citizens denies each and every allegation, either expressed or implied, otherwise contained in paragraph 11 of Plaintiffs' Amended Complaint.

12. Plaintiffs spoke with Deborah Milne, N.P. Business Resource Center, who said that she would investigate the issue.

**ANSWER:** Citizens admits the averments contained in paragraph 12 of Plaintiffs' Amended Complaint.

13. On or about February 27, 2007, Plaintiffs filed a police report with the Lake County Police reporting the unauthorized and fraudulent electronic transfers.

**ANSWER:** Citizens admits the averments contained in paragraph 13 of Plaintiffs' Amended Complaint.

14. On or about February 27, 2007l Citizens sent Plaintiffs a "Disputed Transaction Form" and instructed them to complete it and return the form.

**ANSWER:** Citizens admits the averments contained in paragraph 14 of Plaintiffs' Amended Complaint.

15. Plaintiffs returned the "Disputed Transactions Form" to Citizens on or about March 2, 2007.

**ANSWER:** Citizens admits the averments contained in paragraph 15 of Plaintiffs' Amended Complaint.

16. At all times pertinent to this matter, Plaintiffs followed Citizens' instructions and procedures for reporting the unauthorized and fraudulent transfer of funds from their accounts, disputing the same, and requesting that citizens investigate the unauthorized and fraudulent transaction.

25079069v1 882906

**ANSWER:** Citizens denies each and every allegation, either expressed or implied, contained in paragraph 16 of Plaintiffs' Amended Complaint.

17. Citizens never properly investigated any of Plaintiffs' disputes. Rather, Deborah Milne of Citizens advised Plaintiffs that they were liable for the full amount of the unauthorized and fraudulent transfer of $26,500, and that the money was gone and could not be recovered.

**ANSWER:** Citizens denies each and every allegation, either expressed or implied, contained in paragraph 17 of Plaintiffs' Amended Complaint.

18. Unable to believe that Citizens would take such an unconscionable position, Plaintiffs attempted further disputes with Citizens' CEO and Vice President of Retail Operations. Neither would address Plaintiffs' disputes and concerns.

**ANSWER:** Citizens admits the Plaintiffs' attempted to contact its CEO and Vice President, however, Citizens denies each and every allegation, express or implied, otherwise contained in paragraph 18 of Plaintiffs' Amended Complaint.

19. Again following the instructions that they received from Citizens, Plaintiffs also alerted Citizens' corporate counsel, Brian Goins, Esquire, of the unauthorized and fraudulent transfers and disputed the same. Mr. Goins advised Plaintiffs that under the terms of Citizen's on-line banking agreement, Plaintiffs were liable for the entire $26,500 that was fraudulently taken from their account.

**ANSWER:** Citizens admits the Plaintiffs' contacted attorney Brian Goins, who advised the Plaintiffs with respect to Citizens' position in this matter; however, Citizens denies each and every other allegation, express or implied, otherwise contained in paragraph 19 of Plaintiffs' Amended Complaint.

25079069v1 882906

20.     Shocked by the fact that Citizens was being so unreasonable, Plaintiffs wrote to Thomas Prisby, Chairman and CEO, and Tom Darovic, Executive V.P., Retail Operations, of Citizens advising them of the unauthorized and fraudulent electronic transfers from their accounts and requesting that the balance of their home equity line of credit account from which the funds were taken be frozen as of February 12, 2007.

**ANSWER:**     Citizens admits Plaintiffs wrote to its CEO and Executive Vice President regarding this matter, but denies each and every allegation, express or implied, otherwise contained in paragraph 20 of Plaintiffs' Amended Complaint.

21.     On or about March 21, 2007, Plaintiffs received correspondence from Citizens advising them that "We are sympathetic to your plight, and have sought diligently to obtain recovery of your funds…"  Nevertheless, Citizens continued to take the position that Plaintiffs were liable for the unauthorized and fraudulent electronic transactions.

**ANSWER:**     Citizens admits to corresponding with Plaintiffs; but Citizens denies that the transaction was either unauthorized or fraudulent.  Further, Citizens denies each and every allegation, either expressed or implied, contained in paragraph 21 of Plaintiff's Amended Complaint.

22.     On or about June 6, 2007, Plaintiffs requested a "payoff balance" for their line of credit account.

**ANSWER:**     Citizens admits the averments contained in paragraph 22 of Plaintiffs' Amended Complaint.

23.     Citizens advised them that the balance was $38,644.55 which consisted of $11,356.83 (Plaintiffs' actual balance on February 12, 2007) and $27,335. 93 (the unauthorized electronic transfer of $26,500 plus interest).

6

**ANSWER:** Citizens admits that the balance, as reflected in its records on or about June 6, 2007, on the Plaintiffs' home equity line of credit was $38,644.55, but denies each and every allegation, either express or implied, contained in paragraph 27 of Plaintiffs' Amended Complaint.

24.     On June 6, 2007, Plaintiffs sent Citizens a check for $11,356.83 as full and final payment for their line of credit account.

**ANSWER:** Citizens admits Plaintiffs mailed a check to the Bank on or about June 6, 2007 in the amount of $11,356.83, but denies each and every allegation, either expressed or implied, otherwise contained in paragraph 24 of Plaintiffs' Amended Complaint.

25.     After June 6, 2007, Citizens continued to bill Plaintiffs for the now paid home equity line of credit account and demanded that they continue to make payments for the unauthorized and fraudulent electronic transactions and interest thereon.

**ANSWER:** Citizens admits it has continued to bill Plaintiffs for the remaining balance due on their home equity line of credit, but denies each and every allegation, either expressed or implied, otherwise contained in paragraph 25 of Plaintiffs' Amended Complaint.

26.     On August 28, 2007, Citizens unconscionably sent Plaintiffs a Notice of Default and right to Cure letter advising them that they were in default on their payments for their home equity line of credit.

**ANSWER:** Citizens admits it send Plaintiffs a Notice of Default and Right to Cure letter on August 28, 2007, but denies each and every allegation, either expressed or implied, otherwise contained in paragraph 26 of Plaintiffs' Amended Complaint.

25079069v1 882906

27.     As part of the Notice of Default and right to Cure letter, Citizens threatened to foreclose on Plaintiffs' home and sell it at sheriff's sale in order to recover moneys allegedly owed by Plaintiffs to Citizens on the home equity line of credit.

**ANSWER:**     Citizens admits the allegations contained in paragraph 27 of Plaintiffs' Amended Complaint.

28.     Following June 6, 2007, Citizens has also inaccurately reported Plaintiffs' as owing money and being untimely on their payments for the home equity line of credit account to the major credit reporting agencies, ruining their otherwise excellent credit.

**ANSWER:**     Citizens denies each and every allegation, either expressed or implied, contained in paragraph 28 of Plaintiffs' Amended Complaint.

29.     Plaintiffs, in turn have disputed the inaccurate information in writing with the credit reporting agencies following established procedures for disputing consumer credit information.

**ANSWER:**     Citizens denies each and every allegation, either expressed or implied, contained in paragraph 29 of Plaintiffs' Amended Complaint.

30.     Notwithstanding Plaintiffs' efforts, the credit reporting agencies have sent Plaintiffs correspondence as recently as October, 2007, indicating their intent to continue publishing the inaccurate derogatory credit information after verifying the information in question with Citizens.

**ANSWER:**     Citizens is without sufficient knowledge to either admit or deny the allegations contained in paragraph 30 of Plaintiffs' Amended Complaint and, therefore, deny same and demand strict proof thereof.

25079069v1 882906

31.    Additionally, Plaintiffs have disputed the inaccurate information concerning the Citizens account directly with Citizens, following Citizen's procedures for billing disputes, on several occasions, including on September 21, 2007.

**ANSWER:**    Citizens denies that its equity information is inaccurate.  Further, Citizens denies each and every allegation, either expressed or implied, otherwise contained in paragraph 31 of Plaintiffs' Amended Complaint.

32.    Citizens has failed to conduct timely and reasonable investigations and correct the inaccurate and derogatory credit reporting and also to correct the inaccurate .

**ANSWER:**    Citizens denies each and every allegation, either expressed or implied, contained in paragraph 32 of Plaintiffs' Amended Complaint.

33.    As a result of Defendant's conduct, Plaintiffs have suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating from Citizens' unauthorized electronic transfer from their account, out of pocket expenses including, but not limited to, forced payments under protest to Citizens so they can save their home from foreclosure, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiffs' great detriment and loss.

**ANSWER:**    Citizens denies each and every allegation, either expressed or implied, contained in paragraph 33 of Plaintiffs' Amended Complaint.

34.    As a result of Defendant's conduct, Plaintiffs have suffered great embarrassment, humiliation, and emotional and mental pain and anguish, and Plaintiffs will continue to suffer the same for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

**ANSWER:**    Citizens denies each and every allegation, either expressed or implied, contained in paragraph 34 of Plaintiffs' Amended Complaint.

25079069v1 882906

35.     As a result of Defendant's conduct, Plaintiffs have suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiffs will continue to suffer the same for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

**ANSWER:**     Citizens denies each and every allegation, either expressed or implied, contained in paragraph 35 of Plaintiffs' Amended Complaint.

36.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

**ANSWER:**     Citizens admits the averments contained in paragraph 36 of Plaintiffs' Amended Complaint.

37.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiffs herein.

**ANSWER:**     Citizens denies each and every allegation, either expressed or implied, contained in paragraph 37 of Plaintiffs' Amended Complaint

## V.  CLAIMS COUNT

### Count One  - TILA

38.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**     As its answer to paragraph 38 of Plaintiffs' Amended Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 37, inclusive, as set forth above.

25079069v1 882906

39.     Pursuant to 15 U.S.C. § 1640(a) Defendant is liable to the Plaintiffs for engaging in the following conduct:

a.      Advising Plaintiffs that they were responsible to pay the full amount of the unauthorized and fraudulent transfers from their accounts and billing them for the same in violation of 15 U.S.C. §1643;

b.      Demanding that Plaintiffs make payments for the interest on the full amount of the unauthorized and fraudulent transfers from their accounts in violation of 12C.F.R. § 226(d)(1);

c.      Attempting to collect from Plaintiffs any portion, or interest thereon, of the funds that were fraudulently transferred from Plaintiff's accounts violation of 12 C.F.R. § 226(d)(1);

d.      Failing to reasonably investigate and correct the unauthorized and fraudulent transfers from Plaintiffs' accounts in violation of 15 U.S.C. §1666;

e.      Reporting Plaintiffs to the credit reporting agencies as owing money and being delinquent in their payments on their home equity line of credit account when Citizens knew that the transfer was unauthorized and fraudulent and that Plaintiffs had disputed the balance in violation of 15 U.S.C. §1666a and 12 C.F.R. § 226.13(d)(2); and

f.      Continuing to report Plaintiffs as owing money and being delinquent in their payments on their home equity line of credit account after Plaintiffs additionally disputed the inaccurate information with the credit reporting agencies when Citizens knew that the transfer was unauthorized and fraudulent and that Plaintiffs had disputed the balance in violation of 15 U.S.C. §1666a.

**ANSWER:**     Citizens denies each and every allegation, either expressed or implied, contained in paragraph 39, and each sub-section thereof, of Plaintiffs' Amended Complaint.

40.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in brining about the serious injuries, actual damages and harm to the Plaintiffs that are outline more fully above and, as a result, Defendant is liable to the Plaintiffs for the full amount of statutory, and actual damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**     Citizens denies each and every allegation, either expressed or implied, contained in paragraph 40 of Plaintiffs' Amended Complaint

11

## **Count Two - EFTA**

41.     Plaintiffs incorporate the foregoing paragraphs as thought the same were set forth at length herein.

**ANSWER:**     As its answer to paragraph 41 of Plaintiffs' Amended Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 40, inclusive, as set forth above.

42.     Pursuant to 15 U.S.C. § 1693m, Defendant is liable to the Plaintiffs for engaging in the following conduct:

        a.     Failing to perform a good faith investigation into the Plaintiffs' dispute and provide Plaintiffs with the results of the investigation within 10 business days in violation of 15 U.S.C. § 1693f(a);

        b.     Failing to correct the error created by the unauthorized electronic transfer from Plaintiffs' account in violation of 15 U.S.C. § 1693(b);

        c.     Demanding that Plaintiffs pay the entire amount of the unauthorized electronic fund transfer in violation of 15 U.S.C. § 1693g;

        d.     Demanding that Plaintiffs' wave [sic] their rights under EFTA in violation of 15 U.S.C. 1693e.

**ANSWER:**     Citizens denies each and every allegation, either express or implied, contained in paragraph 42, and each sub-section thereof, of Plaintiffs Amended Complaint.

43.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in brining about the serious injuries, actual damages and harm to the Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to the Plaintiffs for the full amount of statutory, actual and treble damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**     Citizens denies each and every allegation, either express or implied, contained in paragraph 43 of Plaintiffs' Amended Complaint.

25079069v1 882906

**Count Three - FCRA**

44.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**     As its answer to paragraph 44 of Plaintiffs' Amended Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 43, inclusive, as set forth above.

45.     At all times pertinent hereto, Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

**ANSWER:**     Citizens denies each and every allegation, either express or implied, contained in paragraph 45 of Plaintiffs' Amended Complaint.

46.     Defendant violated sections 1681n and 16810 of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

      a.     Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;

      b.     Willfully and negligently failing to review all relevant information concerning Plaintiffs' account provided to Defendant;

      c.     Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

      d.     Willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that Plaintiffs submitted to Defendant, and which proved that the information concerning the Plaintiffs' credit report was inaccurate;

      e.     Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning the Plaintiffs to credit reporting agencies and other entities; and

      f.     Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

**ANSWER:**     Citizens denies each and every allegation, either express or implied, contained in paragraph 46, and each sub-section thereof, of Plaintiff's Amended Complaint.

13

47. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiffs that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, as may be permitted by law.

**ANSWER:** Citizens denies each and every allegation, either express or implied, of Plaintiffs' Amended Complaint.

## Count Four – Indiana Uniform Consumer Credit Code

48. Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

**ANSWER:** As its answer to paragraph 48 of Plaintiffs' Amended Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 47, inclusive, as set forth above.

49. Pursuant to Indiana Code § 24-4.5 Defendant is liable to the Plaintiffs for engaging in the following conduct:

a. Charging Plaintiffs interest and finance charges on the funds that were transferred from Plaintiffs' accounts by unauthorized and fraudulent means in violation of Indiana Code § 21-4.5-3-201; and

b. Charging Plaintiffs delinquency charges on the funds that were transferred from Plaintiffs' accounts by unauthorized and fraudulent means in violation of Indiana Code § 21-4.5-3-203.5.

**ANSWER:** Citizens denies each and every allegation, either express or implied, contained in paragraph 49 of Plaintiffs' Amended Complaint. Further, Citizens answers that. as a federal savings bank, it is not subject to the provisions of the Indiana Uniform Credit Code pursuant to 12 C.F.R. §560.2(a).

14

50. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to the Plaintiffs for the full amount of statutory, and actual damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:** Citizens denies each and every allegation contained in paragraph 50, and each sub-section thereof, of Plaintiff's Amended Complaint. Further, Citizens answers that a federal savings bank, it is not subject to the provisions of the Indiana Uniform Credit Code pursuant to 12 C.F.R. §560.2(a).

## Count Five – Negligence

51. Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

**ANSWER:** As its answer to paragraph 51 of Plaintiffs' Amended Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 50, inclusive, as set forth above.

52. Defendant's negligence consists of the following: (a) Violating the TILA as stated above;

     a.     Violating the TILA as stated above;

     b.     Violating the EFTA as stated above;

     c.     Violating the Fair Credit Reporting Act as stated above;

     d.     Violating the Indiana Code as stated above;

     e.     Allowing the unauthorized electronic fund transfer from Plaintiffs' line of credit account to their business account;

25079069v1 882906

f.       Allowing the unauthorized electronic fund transfer from Plaintiffs' business account to an account in Hawaii;

g.       Allowing an unauthorized electronic transfer that was in excess of Plaintiffs' home equity line of credit;

h.       Demanding that Plaintiffs repay the bank for the amount that was fraudulently transferred from their home equity line of credit;

i.       Reporting to the credit reporting agencies that Plaintiffs owed money and were delinquent in their payments on their home equity line of credit when the Defendant knew that the balance was a result of fraud and not authorized by Plaintiffs;

j.       Continuing to report the inaccurate information after Plaintiffs disputed to both the major credit reporting agencies as well as directly to Defendant;

k.       Threatening to foreclose on Plaintiffs' home due to a debt that Plaintiffs do not owe; and

l.       Charging interest and payments on the account Defendant knows to be fraudulent.

**ANSWER:**       Citizens denies each and every allegation contained in paragraph 52, and each sub-section thereof, of Plaintiff's Amended Complaint.

53.       As a result of Defendant's above-mentioned conduct, Plaintiffs sustained and continue to sustain the losses and damages as set forth above

**ANSWER:**       Citizens denies the allegations contained in paragraph 53 of Plaintiffs' Amended Complaint.

54.       The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiffs for the full amount of actual, compensatory damages, and punitive damages, as well as such other relief, permitted under the law.

**ANSWER:**       Citizens denies the allegations contained in paragraph 54 of Plaintiffs' Amended Complaint.

25079069v1 882906

## Count Six - Breach of Contract

55. Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

**ANSWER:** As its answer to paragraph 54 of Plaintiffs' Amended Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 53, inclusive, as set forth above.

56. Defendant has breached its home equity line of credit agreement with Plaintiffs by:

a. Allowing an unauthorized and fraudulent transfer from Plaintiffs' account;

b. Allowing an unauthorized and fraudulent transfer from Plaintiffs' account that overdrew Plaintiffs' line of credit; and

c. Demanding payment from Plaintiffs for unauthorized and fraudulent transfer from Plaintiffs' account.

**ANSWER:** Citizens denies each and every allegation, either express or implied, contained in paragraph 56, and each sub-section thereof, of Plaintiff's Amended Complaint

57. As a result of Defendant's above-mentioned conduct, Plaintiffs sustained and continue to sustain the losses and damages as set forth above.

**ANSWER:** Citizens denies each and every allegation, either express or implied, contained in paragraph 57 of Plaintiffs' Amended Complaint.

58. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiffs for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

25079069v1 882906

**ANSWER:** Citizens denies each and every allegation, either express or implied, contained in paragraph 58 of Plaintiffs Amended Complaint.

WHEREFORE, Defendant Citizens Financial Bank pray that Plaintiffs take nothing by way of their Amended Complaint.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/
Timothy A. Hickey
222 N. LaSalle., Suite 300
Chicago, IL 60601
312-704-3000
E-mail Address:  thickey@hinshawlaw.com

## AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

COMES NOW Citizens Financial Bank, by counsel, and for its Affirmative Defenses to Plaintiffs' Amended Complaint filed herein, states as follows:

### First Affirmative Defense

The Plaintiffs have failed to mitigate their damages, if any.

### Second Affirmative Defense

The Plaintiffs' Amended Complaint fails to state a claim for which relief may be granted.

### Third Affirmative Defenses

The fault of the Plaintiffs, as defined by I.C. §34-6-2-45(b), *et. seq.*, includes their negligence, incurred risk, assumed risk, and failure to mitigate damages. The fault of the Plaintiffs is greater than 50% of the total fault involved, barring the Plaintiffs' recovery against

18

Citizens in accordance with I.C. § 34-51-2-6 *et. seq.* Alternatively, the Plaintiffs' fault diminishes proportionately the amount to be awarded, if any, as compensatory damage for the alleged damages claimed by the Plaintiffs in accordance with I.C. § 34-51-2-5 *et. seq.*

### Fourth Affirmative Defense

The Plaintiffs' alleged damages, if any, were caused by superseding and/or intervening acts or omissions of third parties, other parties, or entities over whom Citizens has no right of control and for whose actions Citizens is not liable.

### Fifth Affirmative Defense

The federal agency charged with the enforcement of TILA, FCRA, and EFTA at federal savings banks, the office of thrift supervision of the U.S. Department of Treasury, previously reviewed the Plaintiffs' allegations in this matter and has determined that Citizens did not violate Plaintiffs' right thereunder. The regulatory findings are entitled to deference herein and represent prime facie evidence that Citizens has not acted illegally, negligently or in bad faith in this matter.

### Sixth Affirmative Defense

As a federal savings bank, it is not subject to the provisions of the Indiana Uniform Credit Code pursuant to 12 C.F.R. §560.2(a).

### Seventh Affirmative Defense

Citizens hereby reserves any and all rights it may have to raise additional affirmative defenses that may be developed through the course of discovery in this litigation.

25079069v1 882906

**<u>Eighth Affirmative Defense</u>**

Citizens denies each and every allegation not heretofore denied.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/  Timothy A. Hickey
Timothy A. Hickey
222 N. LaSalle., Suite 300
Chicago, IL 60601
312-704-3000
E-mail Address:  thickey@hinshawlaw.com

25079069v1 882906

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shames-Yeakel, et al. | ) | |
| | ) | |
| Plaintiff, | ) | Case Number: 1:07-cv-5387 |
| v. | ) | |
| | ) | |
| Citizens Financial Bank | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE / NOTICE OF FILING

I hereby certify that on January 10, 2008, I electronically filed a copy of the Defendant's Answer and Affirmative Defenses, with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system which will send notification of such filing(s) to the following:

Mr. Larry P. Smith
Larry P. Smith & Associates
205 N. Michigan Ave. Suite 4000
Chicago, IL 60601
Phone: 312-222-9028
Fax: 312-602-3911
E-Mail: lsmith@lpsmithlaw.com

John Soumilas
Francis & Mailman PC
Land Title Building
100 South Broad Street
19th Floor
Philadelphia, PA 19110
215 735 8600
Email: jsoumilas@consumerlawfirm.com

/s/ Timothy A. Hickey
One of Citizen Financial Bank's attorneys

Timothy A. Hickey
**HINSHAW & CULBERTSON LLP**
222 N. LaSalle Street, Suite 300
Chicago, IL 60601-1081
Phone: 312-704-3000
Fax: 312-704-3001
E-Mail: thickey@hinshawlaw.com

25079069v1 882906