

*MHK*

07cv5387

115 55th Street, Clarendon Hills, Illinois 60514 - (630) 986-8206 - www.protekintl.com - info@protekintl.com

August 20, 2008

**FILED**
8-25-2008
AUG 2 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**VIA U.S. MAIL**

Clerk of the Court
U. S. District Court, NDI
219 S. Dearborn, 20th Floor
Chicago, Il 60604

Re: **Shames-Yeakel vs. Citizens Financial Bank**
 **Civil Action No. 07-5387 -- Document 53-2 filed 7/25/2008**

Clerk of the Court:

Please find enclosed an invoice from Protek International, Inc. for services performed pursuant to the enclosed Consent Order-Regarding the Protocol for Electronic Media Discovery. According to Paragraph nine of said order, we are submitting the invoice to the Clerk of the Court. If appropriate, please forward the invoice to the proper department for payment. In addition, as instructed, we have provided same to the counsel for the Plaintiffs and Defendant.

Sincerely Yours,

PROTEK INTERNATIONAL, INC.

Daniel Bellich

enclosures

Computer Forensics    Investigations    Advisory Services    eDiscovery



Protek International, Inc.
115 55th Street
Suite 400
Clarendon Hills, IL 60514

# Invoice

| Date | Invoice # |
|---|---|
| 8/19/2008 | 2008-1353 |
| Account # | |
| SYVC-08-0128-33 | |

**Bill To**

Clerk of the Court
U.S. District Court, NDI
219 S. Dearborn St., 20th Floor
Chicago, IL 60604

Please return top portion with payment

| Terms | Due Date |
|---|---|
| Due on receipt | 8/19/2008 |

| Date | Description | Hours/Quant... | Rate | Amount |
|---|---|---|---|---|
| | SHAMES-YEAKEL vs. CITIZENS FINANCIAL BANK; CIVIL ACTION NO. 07-5387 | | | |
| 7/21/2008 | Conference call with counsel regarding protocol design -Chval/Sigmund | 1 | 300.00 | 300.00 |
| 7/29/2008 | Conference call with counsel regarding imaging logistics -Chval/Sigmund | 0.5 | 300.00 | 150.00 |
| 7/30/2008 | Review of protocol and design of project plan | 1 | 300.00 | 300.00 |
| 8/3/2008 | Forensic imaging of 3 hard drives (8/1-8/3) | 6 | 300.00 | 1,800.00 |
| 8/1/2008 | Hardware Purchase - 2 hard drives for imaging | | 225.00 | 225.00 |
| 8/4/2008 | Release of computers to Plaintiff | 0.5 | 300.00 | 150.00 |
| 8/5/2008 | Initial dataset review and summary; create image backup set (dt1, 1T1, iomega) | 4 | 300.00 | 1,200.00 |
| 8/6/2008 | E-mail communication with counsel regarding status update and seeking clarification of protocol | 0.75 | 300.00 | 225.00 |
| 8/6/2008 | Index unallocated space (dt1, 1T1, iomega) | 4 | 300.00 | 1,200.00 |
| 8/7/2008 | E-mail communication with counsel - responses to inquiries | 0.5 | 300.00 | 150.00 |
| 8/7/2008 | Export Microsoft (ms) backup file; restore backup contents to lab media | 3 | 300.00 | 900.00 |

**Balance Due**

Tax ID: 20-2421421

| Phone # | Fax # |
|---|---|
| 630-986-8206 | 630-321-1430 |

Interest of 1 1/2 % per month will be charged on billed amounts that remain unpaid for 30 days.

Page 1



Protek International, Inc.
115 55th Street
Suite 400
Clarendon Hills, IL 60514

# Invoice

| Date | Invoice # |
|---|---|
| 8/19/2008 | 2008-1353 |

| Account # |
|---|
| SYVC-08-0128-33 |

Bill To

Clerk of the Court
U.S. District Court, NDI
219 S. Dearborn St., 20th Floor
Chicago, IL 60604

Please return top portion with payment

| Terms | Due Date |
|---|---|
| Due on receipt | 8/19/2008 |

| Date | Description | Hours/Quant... | Rate | Amount |
|---|---|---|---|---|
| 8/8/2008 | E-mail communication with counsel - responses to inquiries and status updates | 0.5 | 300.00 | 150.00 |
| 8/8/2008 | MS backup continued; create new evidence file from restored data | 3 | 300.00 | 900.00 |
| 8/9/2008 | Run keyword search on unallocated space; create carve reports (1T1, iomega) | 3 | 300.00 | 900.00 |
| 8/10/2008 | Date cull and export e-mail and electronic documents (msbkup) | 3 | 300.00 | 900.00 |
| 8/10/2008 | Date cull and export e-mail and electronic documents (dt1, 1T1, iomega) | 3 | 300.00 | 900.00 |
| 8/10/2008 | NFload and keyword process electronic documents and e-mails (dt1, 1T1, iomega, msbkup) | 6 | 300.00 | 1,800.00 |
| 8/10/2008 | Run keyword search on unallocated space; create carve reports (dt1) | 2 | 300.00 | 600.00 |
| 8/11/2008 | Run keyword search on page file; create carve reports (dt1, 1t1) | 1 | 300.00 | 300.00 |
| 8/11/2008 | Qualify unallocated space search hits | 3 | 300.00 | 900.00 |
| 8/11/2008 | QC production; create eload; burn production set to DVD; cover letter; express ship | 8 | 300.00 | 2,400.00 |
| 8/11/2008 | Shipping Fees | | 30.00 | 30.00 |

## Balance Due

Interest of 1 1/2 % per month will be charged on billed amounts that remain unpaid for 30 days.

Tax ID: 20-2421421

| Phone # | Fax # |
|---|---|
| 630-986-8206 | 630-321-1430 |



Protek International, Inc.
115 55th Street
Suite 400
Clarendon Hills, IL 60514

# Invoice

| Date | Invoice # |
|---|---|
| 8/19/2008 | 2008-1353 |

| Account # |
|---|
| SYVC-08-0128-33 |

**Bill To**

Clerk of the Court
U.S. District Court, NDI
219 S. Dearborn St., 20th Floor
Chicago, IL 60604

| Terms | Due Date |
|---|---|
| Due on receipt | 8/19/2008 |

Please return top portion with payment

| Date | Description | Hours/Quant... | Rate | Amount |
|---|---|---|---|---|
| 8/18/2008 | E-mail communication with counsel -production of eload | 0.25 | 300.00 | 75.00 |
| 8/19/2008 | Create/ship eload to Evan Brown, Geoffrey H. Baskerville | 2 | 300.00 | 600.00 |
| 8/19/2008 | Shipping Fees | | 30.00 | 30.00 |

**Balance Due** $17,085.00

Interest of 1 1/2 % per month will be charged on billed amounts that remain unpaid for 30 days.

| Tax ID: 20-2421421 | |
|---|---|
| Phone # | Fax # |
| 630-986-8206 | 630-321-1430 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHA L. SHAMES-YEAKEL )<br>)<br>AND )<br>)<br>MICHAEL SHAMES-YEAKEL (H&W) )<br>)<br>Plaintiffs, )<br>vs. )<br>)<br>CITIZENS FINANCIAL BANK )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 07-5387 |

## CONSENT ORDER
### REGARDING THE PROTOCOL FOR ELECTRONIC MEDIA DISCOVERY

Pursuant to this Court's Order of May 15, 2008 (Docket No. 38), and with the consent of the parties, the following protocol is hereby established and ordered concerning certain electronic media discovery:

1. At the agreement of the parties, that Protek International, Inc. ("Protek") is appointed an officer of the Court to conduct certain computer and other electronic media discovery in this case pursuant to the following protocol. Protek shall be a neutral court-appointed expert and shall not provide any information or advice to any party, except as provided in this Order.

2. Protek will inspect the hard drive(s) of any computer used by Plaintiffs or Plaintiffs' company known as Best Practices at any time during the seven days before and after February 13, 2007 (the "Targeted Computers"). It is understood that the Targeted Computers consist of a desktop [Dell DEO51], laptop [HP Pavilion], and an external hard drive [iOmega] used for back-up purposes referenced by Plaintiff Michael Shames-Yeakel at his deposition, all of which are owned by Plaintiffs in this matter and kept in their residence. Protek shall perform only specific electronic discovery tasks set forth herein.

3. As an officer of the Court, Protek's inspection of the hard drives will not waive any applicable privilege or other doctrine or principle assuring the confidentiality of the information on those hard drives. Protek will maintain all information in the strictest confidence as provided in this Order. No information learned by Protek shall be disclosed except pursuant to the terms of this Order or other direction of the Court.

4. Separate computer personnel nominated by each party may be present at the mirror imaging, but shall only observe. The mirror image(s) shall be made at Protek's offices located at 115 55th Street, Suite 400, Clarendon Hills, IL 60514. The computer personnel

nominated by Plaintiffs' counsel shall have the right, but are not required, to access the hard drive(s) after Protek makes the mirror image for the purpose of making additional mirror images at Plaintiffs' expense. Once Protek has completed making the mirror images, the hard drive(s) may be returned to normal use or otherwise disposed of at Plaintiff's election.

5. If requested by any party, Protek shall make a representative of the company reasonably available for deposition or trial testimony to testify concerning its inspection and findings. The requesting party shall be responsible for Protek's fees related to any testimonial per Paragraph 11 below.

6. No later than **August 1, 2008**, computer personnel nominated by Plaintiffs' counsel will bring the Targeted Computers to Protek's offices located at 115 55th Street, Suite 400, Clarendon Hills, IL 60514. Protek shall create a list of all original media/equipment. This list shall act as a log of all pertinent hardware and serial numbers. Each piece of media will be assigned a Protek media identification number. At that time, Protek shall create a full mirror-image or bitstream copy of all hard drives in the Targeted Computers which shall include all file slack and unallocated space. All images and copies of images shall be authenticated by generating a hash value verification for comparison to the original hard drive. Deleted files on the mirror image or bitstream copies of the hard drives in the Targeted Computers that are readily accessible for recovery shall be recovered and reverted to active file status.

7. Protek shall conduct keyword searches pursuant to Paragraph 10 below on the mirror image or bitstream copies of the hard drives in the Targeted Computers, searching both the active files, including those recovered as described in Paragraph 6, as well as inactive data (e.g., file slack, unallocated space) using the list of keywords in Paragraph 10. Protek shall extract whole files for review by Plaintiffs' counsel. With regard to keyword hits within inactive data, Protek shall extract all readily available files and meaningful data present. Protek will attempt to qualify this data with the relevant timeframe, although this may not always be possible given the unstructured nature of inactive data. Protek shall gather all such data and shall present a single report listing all files with keyword hits originally created 7 days before or 7 days after February 13, 2007 to Plaintiffs' counsel no later than **August 8, 2008** ("files with keyword hits report"). The files with keyword hits report shall include only files with keyword hits pursuant to Paragraph 10 below which were originally created 7 days before or 7 days after February 13, 2007, and no other files or information. If Protek cannot determine when a file with a keyword hit was originally created, it will not include such a file in the files with keyword hits report or any other report The files with keyword hits report shall clearly list the date and if possible the time of the original creation of any file with a hit.

8. No later than **August 19, 2008** Plaintiffs' counsel shall review the files with keyword hits report provided by Protek pursuant to the above search for privilege and produce to counsel for Defendant all non-privileged responsive information within the files with keyword hits report, or the entire report if no privilege exists. Such production shall be in the data's native file format with all system and file metadata intact to the degree allowed by relevant technologies. Protek shall maintain the original data set with all data, including system and file metadata, preserved as provided in this Consent Order and subject to the limitations of Paragraph 13, below. Plaintiffs shall also provide Defendant with a privilege log sufficient to allow Defendant to challenge any claim of privilege by Plaintiffs.

9.  Defendant shall bear all the costs of Protek's work. As soon as that cost is determined, Protek shall provide the same to counsel for Plaintiffs and Defendant and to the Clerk of this Court via invoices submitted semi-monthly. Protek will bill its work at an hourly rate of $300 and will be entitled to payment in full for said work, including expenses and costs. There is not presently an understanding as to an estimated total cost of services. Protek will bill testimonial work as referenced above in Paragraph 5, at an hourly rate of $350 with a minimum of six hours billed, including when written notice of cancellation is not received more than 36 hours in advance of a scheduled appearance. Within 7 days of invoice submission, Defendants shall submit to the Clerk of this Court full payment for Protek costs. The Clerk of this Court shall then pay Protek for its costs within 7 days of receiving said funds from Defendant. Each party shall bear their own costs for any separate expert or computer personnel whom they may seek to employ. Neither party, however, may provide any money for any information or advice to Protek, directly or indirectly, except as provided within this Consent order and only through the Clerk of this Court. Either party may, however, retain Protek on matters that arise after the conclusion of this litigation, provided the matter is not substantially related to this litigation and/or the parties thereof.

10. The following keywords shall be used in conducting the search called for by this protocol, for any transaction occurring 7 days before and 7 days after February 13, 2007 only:

- 26500
- "$26,500 "
- "26,500"
- Allenbrand
- American Savings
- American Savings Bank
- Austria
- Citizens
- Hawaii
- Honolulu
- Jared
- Jared Allenbrand
- JV
- JV Financial
- JV Financial Corporation

3

- Kaeleku (street address of JV Financial Corporation)

11. The party noticing a deposition of any Protek representative or seeking his or her testimony at trial shall pay all costs associated with such deposition or testimony by submitting to the Clerk of this Court such sums as Protek may request as reasonable compensation for deposition or trial testimony, and the Clerk of this Court shall then promptly make such payment to Protek.

12. Protek shall maintain applicable insurance and shall bear the risk of any loss, including damage to the Targeted Computers or loss of valuable information stored on the Targeted Computers, that is caused by Protek as a result of Protek's execution of this protocol. Plaintiffs' acceptance of the Targeted Computers and related media and devices at the conclusion of the imaging process described above shall constitute waiver of any subsequent claims of loss or damage. Plaintiffs may inspect said equipment, in the presence of Protek personnel, prior to acceptance.

13. Protek shall permanently destroy all information that it has obtained from the Targeted Computers on October 20, 2008, unless otherwise ordered by this Court.

ENTERED:

_____

U.S. District Judge

Date: _____

6344389v1 882906