IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHAMES-YEAKEL, et al., )
 )
          Plaintiffs, )
 )
   v. ) Case No. 1:07-CV-5387
 )
CITIZENS FINANCIAL BANK, ) Judge Pallmeyer
 )
          Defendant. )

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Citizens Financial Bank ("Citizens"), through counsel and pursuant to Fed. R. Civ. P. 56, moves for an order entering summary judgment against plaintiffs Michael and Marsha Shames-Yeakel ("Plaintiffs").

    1.    On November 2, 2007, the Plaintiffs filed their Amended Complaint against Citizens, alleging that Citizens violated various federal and state laws in connection with a series of disputed electronic transfers of funds between and out of the Plaintiffs' accounts with Citizens.

    2.    Specifically, the Plaintiffs filed claims under the Truth in Lending Act ("TILA"), the Electronic Funds Transfer Act ("EFTA"), the Fair Credit Reporting Act ("FCRA"), the Indiana Uniform Consumer Credit Code ("IUCCC"), Negligence and Breach of Contract.

    3.    Citizens moves for summary judgment because the evidence on file shows that there are no genuine issues of material fact as to each of the Plaintiffs' claims, and Citizens is entitled to judgment as a matter of law.

    4.    Citizens is entitled to summary judgment on the Truth in Lending Act claim because Citizens is not bound by the mandates of that act in relation to any of the accounts held by the Plaintiffs. Based on the evidence in the record, neither the line of credit account nor the

business checking account held by the Plaintiffs qualifies as a "consumer" account. The TILA applies only to "consumer" accounts. Because the accounts at issue do not fall within the scope of the TILA, Plaintiffs cannot, as a matter of law, prove any liability for violation thereof.

5. Similarly, the Plaintiffs' claims under the EFTA fail as a matter of law because the EFTA applies only to consumer accounts. Where there are no consumer accounts at issue, Citizens shall not be liable under the EFTA. Accordingly, summary judgment should be granted as to the EFTA claim.

6. The FCRA claim fails because there is no evidence in the record to support the Plaintiffs' claim that the Act has been violated. No evidence exists that Citizens failed to conduct a reasonable investigation of the Plaintiffs' disputes with the credit reporting agencies, or that Citizens failed to communicate with the credit reporting agencies in the appropriate way. Moreover, the FCRA claim fails as a matter of law to the extent the Plaintiffs seek to impose obligations on Citizens that are not found in the Act.

7. Plaintiffs' IUCCC should be dismissed on summary judgment for two reasons. First, the IUCCC as applied to a federal savings bank such as Citizens is preempted. Second, the IUCCC pertains only to consumer accounts. Because the accounts at issue are business/commercial accounts, no liability under the IUCCC may attach.

8. Summary judgment is appropriate as to the Plaintiffs' negligence claim where there is no evidence in the record that Citizens has breached any duty owed to Plaintiffs in allowing the disputed transactions to occur, in investigating the disputed transactions, or in any other manner. Moreover, Plaintiffs are unable to present any evidence that any breach by Citizens was the cause of any damages to Plaintiffs.

9. The breach of contract claim should be dismissed on summary judgment because the Plaintiffs have not identified any promise or covenant by Citizens which as been breached. Moreover, language in the agreement entered into by Citizens and the Plaintiffs relating to online banking eliminates any purported liability on the part of Citizens for the disputed transactions.

10. Pursuant to LR. 56.1, Citizens has provided a Statement of Facts pertaining to this motion, and has set forth the relevant points and legal authority in the accompanying Memorandum in Support of Citizens's Motion for Summary Judgment, both of which are incorporated herein by reference.

WHEREFORE, Citizens moves for entry of an order granting summary judgment in its favor and against Plaintiffs on each and every claim made by Plaintiffs, dismissing the matter in its entirety, and awarding such further relief as the Court determines to be just and proper.

|  |  |
|---|---|
| Timothy A. Hickey<br>*thickey@hinshawlaw.com*<br>Evan D. Brown<br>*ebrown@hinshawlaw.com*<br>HINSHAW & CULBERTSON LLP<br>222 N. LaSalle, Suite 300<br>Chicago, IL 60601 | Respectfully submitted,<br><br>CITIZENS FINANCIAL BANK<br><br>By: /s/Evan D. Brown<br>One of Its Attorneys |

**CERTIFICATE OF SERVICE**

I certify that pursuant to Local Rule 5.5, service of the foregoing DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was accomplished upon all Filing Users pursuant to the Court's Electronic Case Filing system on September 30, 2008.

/s/ Evan D. Brown